Charles Kotz

*v.*

The Illinois Central Railroad Company.

*Opinion filed December 20, 1900—Rehearing denied February 7, 1901.*

1. Railroads—*right of railroad company to change plan of construction and operation.* The right of a railroad company to the use of its right of way "for all uses and purposes connected with the construction, repair, maintenance and complete operation of said railroad" is not exhausted by the building of surface tracks, but is a continuing right, which enables it to change its methods of construction and operation to meet the demands of a growing business and the changes wrought by the developments of society.

2. Same—*damage flowing from an increased use of right of way is damnum absque injuria.* Damage by way of increased noise, smoke, cinders, etc., due to track elevation and consequent changes in operating the railroad, is *damnum absque injuria* as to the owner of an adjoining lot purchased after the recording of the deed granting the railroad company a right of way for all purposes connected with the complete operation of the railroad.

3. Same—*right of railroad company to free use of right of way.* A railroad company, when invested with the fee of the right of way, is, except in the discharge of its duties as common carrier, the owner of and entitled to the exclusive use and control of such right of way, relieved from any rights therein of adjoining owners to the same extent as a private person would be.

4. Same—*abutting owner not entitled to easement of light and air in right of way.* A railroad right of way is not a public highway in the

sense that an adjoining lot owner may have an easement of light, air and view therein, and hence no damages are recoverable for an injury to light, air and view resulting from the elevation of the company's tracks.

MAGRUDER, J., dissenting.

APPEAL from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

H. S. MECARTNEY, for appellant.

WALKER & PAYNE, JOHN G. DRENNAN, and SIDNEY F. ANDREWS, (J. M. DICKINSON, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action brought by appellant, against appellee, to recover damages, alleged to have been occasioned by the elevation of appellee's road-bed and tracks, to a lot owned by appellant fronting north on Sixtieth street, in Chicago, and adjoining on the west the right of way of appellee. A trial was had, and at the close of all the evidence the court instructed the jury peremptorily to return a verdict for the appellee. Judgment was rendered on the verdict, and appellant has prosecuted an appeal from such judgment to this court.

The appellee is a corporation organized under a special charter granted by the legislature of the State of Illinois on the 10th day of February, 1851. Such charter is declared to be a public act, and the appellee is invested thereby with power to acquire, by purchase or otherwise, such real estate as may be necessary to carry into effect the objects of its creation, and is authorized and empowered to survey, locate, construct, complete, alter, maintain and operate a railroad, with one or more tracks, over or across any road, highway, railroad or canal which the route of its road shall intersect, and whenever the said railroad shall cross a road or highway, such road or highway may be carried under or over said railroad, as may be found most expedient. On the

16th day of March, 1852, the appellee acquired title, by purchase from the executors of William E. Jones, deceased, the deed being recorded March 25, 1852, to a strip of land two hundred feet in width across the east half of the south-east quarter of section 14, township 38, north, range 14, east, in Cook county, Illinois, of which eighty acres the lot in question forms a part, the grantor of appellee then being the owner of the whole of said tract. Soon after the purchase of said strip the appellee located its tracks thereon at the surface thereof. On the 23d day of May, 1892, the city of Chicago passed an ordinance requiring the appellee to elevate its road-bed and tracks between the north line of Fifty-first street and the south line of Sixty-seventh street. Appellee, pursuant to such ordinance, prior to May 1, 1893, elevated its road-bed and tracks twelve to fourteen feet past the property of appellant and built a viaduct over Sixtieth street. The appellant acquired title to the lot in question December 7, 1888, and parted with title thereto December 12, 1896, by foreclosure sale.

One element of damages claimed by appellant, arising from the operation of appellee's railroad as elevated, is, that more noise, dust, cinders, smoke, gases and other noxious substances have been cast upon his lot. The right of way of appellee was granted through the eighty acre tract, of which the lot of appellant formed a part, by the then owner of the entire tract "for the purposes of constructing, maintaining and operating thereon a single or double track railroad, with all the necessary appurtenances, and for all uses and purposes connected with the construction, repair, maintenance and complete operation of said railroad." The grantor being the owner of the entire eighty-acre tract at the time of making the deed conveying said right of way, and said deed having been duly recorded, it was notice of the grantee's rights to any subsequent purchaser of a portion of said tract of land, and such subsequent purchaser, or any one acquir-

ing a subsequent interest therein, would not stand in any more favorable situation with regard thereto than would the original grantor had he continued to remain the owner of the whole tract and were the plaintiff in this suit. The increased uses of the right of way of appellee which have produced the effects complained of, are a necessary incident to and inseparable from the successful operation of appellee's railroad and fall within the terms of the grant of its right of way. It follows that for such increased uses and the consequences flowing therefrom, no damage has accrued to appellant, the damage, if any, being *damnum absque injuria.*

The appellee, under said grant, to meet the growing demands of trade and commerce, may with the same propriety elevate its road-bed through a populous city that it may increase the number of its trains or tracks, change its motive power from steam to electricity or consolidate its lines with those of other companies, so as to furnish to the traveling public through connections and direct communication from inland towns and cities with the seaboard. The right of appellee to use its right of way "for all uses and purposes connected with the construction, repair, maintenance and complete operation of said railroad" was not exhausted so soon as a surface road was built thereon, but is a continuing right, which will enable appellee to change its plan of construction and operation to meet the demands upon it of a growing business and the changes wrought by the development of society.

The views above expressed are fully sustained by this court in *Chicago, Rock Island and Pacific Railway Co.* v. *Smith,* 111 Ill. 363, which was an action to recover damages claimed to result from the increased use of the defendant's railroad, wherein it was held that the grant of a right of way to a railroad company "for all uses and purposes or in any way connected with the construction, preservation, occupation and enjoyment of said railroad" is broad enough to embrace all uses for railroad purposes,

however much increased, and that it will be conclusively presumed that all damages to the balance of the land outside of the right of way, past, present and future, were included in the consideration paid for such grant.

The appellant predicates a further right to recover in this case upon a claim that the right of way of appellee is a public highway, and that as an abutting owner thereon he has an easement in the light, air and view which would naturally come over such right of way to his premises, of which he has been deprived by the elevation of its road-bed and tracks. The fallacy of this position lies in the assumption that the right of way of a railroad is a public highway, in the sense that a street or road is a public highway. A railroad is, for some purposes and in a certain sense, a highway; not, however, in the sense that a street or road is a public highway. It is *quasi* public in character. The right of eminent domain may be invoked in aid of its construction, and, when fully equipped and in operation, it becomes a common carrier and is liable alike to all persons for the transportation of themselves and their property, and, as a common carrier, it may be controlled and governed by the State, and, within well defined limits, by the United States. A street or road is a public highway in a much broader sense. It is laid out and opened by the public authorities for the general use of the public, built and kept in repair at public expense, and all persons have the right of free access thereto with the right to travel thereon. To obstruct it is made a criminal offense. By necessity, one who owns property abutting on or locates his buildings adjacent to a street or road, enjoys not alone the right of access thereto with the right to travel thereon, but, in addition thereto, the light, air and view which come to his property over the same. To deprive him of such right would be to destroy the thing itself out of which the right grows. Therefore, of necessity, the right exists.

A railroad company, when invested with the fee title, except in the discharge of its duties as a common carrier, is the owner of and entitled to the exclusive use, possession and control of its right of way the same as a private person, and holds and owns its property disencumbered of any right therein of its abutting or adjoining neighbors as fully and completely as does the individual owner of property. The public do not have the right of access to its right of way except at designated places, and abutting owners do not build adjacent to its right of way with a view of access thereto and the enjoyment of light, air and view therefrom. The doctrine of ancient lights, as applied in England and some States of the Union, has not been applied in this State (*Keating* v. *Springer*, 146 Ill. 481; *Guest* v. *Reynolds*, 68 id. 478;) as between individual owners, although as to an abutting owner upon a public alley such right has been recognized. (*Field* v. *Barling*, 149 Ill. 556.) The right of way of a railroad, as to an adjoining owner, being private property, we are not disposed to hold that an adjoining owner has an easement of light, air and view therein.

We have carefully examined the cases of *Barnett* v. *Johnson*, 15 N. J. Eq. 481, *Wabash, St. Louis and Pacific Railway Co.* v. *McDougall*, 118 Ill. 229, *Wabash, St. Louis and Pacific Railway Co.* v. *McDougall*, 126 id. 111, and *Chicago and Alton Railroad Co.* v. *Henneberry*, 153 id. 354, relied upon by counsel for appellant, and are of the opinion they do not conflict with the views herein expressed.

We are of the opinion that appellee had the right to elevate its road-bed and tracks, that it did not by reason thereof become liable to respond to appellant in damages, and that the superior court of Cook county properly instructed the jury to find for the defendant.

The judgment will therefore be affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.