## Chicago and Western Indiana R. R. Co. v. Henry D. Cogswell.

1. RAILROADS—*Damages to Abutting Owners for Elevating Tracks.*—Where the right of way was acquired by a railroad company for the purpose of constructing, maintaining and operating its road, the amount of damages to which the owner was entitled, settled, and the road built upon substantially the surface level of the ground, the owner will not be entitled to additional damages on account of the subsequent elevation of its road-bed by the company.

Action to Recover Damages for the elevation of a road-bed.—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed without remanding. Opinion filed March 12, 1901.

EDGAR A. BANCROFT, attorney for appellant.

R. S. THOMPSON and C. L. JENKS, JR., attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This was a suit against appellant to recover damages for

the elevation and operation of appellant's road-bed and tracks, under an ordinance of the city of Chicago, alongside of and past appellee's premises.

The case was here before, in 1892, and was then reversed and remanded. It is reported in 44 Ill. App. 388, and the main facts can be there found. The point of the decision, so far as now necessary to be stated, then was, that the condemnation proceedings had at an earlier period, in a proceeding for that purpose, wherein damages were awarded appellee for the taking of an adjacent strip of land (a part of the same entire tract) settled the amount of damages which the land owner was entitled to, whether the railroad was built upon substantially the surface level or upon an elevated structure. But that if subsequent to the building of the road upon the surface level it was elevated, and because thereof an increased amount of smoke, cinders and dust were cast upon the adjacent land than was done by the operation of the road on the level, a recovery could be had for the additional damage, if any, done by such increase.

Upon a retrial of the case, on the theory so announced by this court, a recovery was had and judgment entered against the appellant and in favor of appellee for $9,000, from which this appeal is prosecuted.

Since this last trial and judgment, and while the cause has been pending in this court, the Supreme Court has decided the case of Kotz v. Illinois Central Railroad Company, 188 Ill. 578. That was a case where the Illinois Central Railroad Company acquired its right of way through an eighty-acre tract of land, by purchase and deed, and located its tracks thereon at or about the surface of the ground, from the then owner of the entire tract. The conveyance recited that the right of way was granted "for the purposes of constructing, maintaining and operating thereon a single or double track railroad, with all the necessary appurtenances, and for all uses and purposes connected with the construction, repair, maintenance and complete operation of said railroad."

Several years afterward, Kotz acquired title to a lot in the same tract, adjoining the right of way so acquired by the Illinois Central Company, and subsequently brought suit to recover damages alleged to have been sustained by him by the elevation, some twelve to fourteen feet, of the road-bed and tracks of the railroad company, past Kotz' lot.

One element of damage claimed by Kotz was that arising from more noise, dust, cinders, smoke, gases and other noxious substances being cast upon his lot from the operation of the railroad as elevated, than before, when operated at or near the surface; and it was held he could not recover; that the damage, if any, to Kotz, was *damnum absque injuria.*

That decision seems to us to be conclusive of this case. Counsel attempt to distinguish it from the present case, principally upon the ground that there the right of way was acquired by deed containing the clause quoted, *supra*, while here the right of way was acquired " by condemnation proceedings only, in which damages were assessed upon the basis of a road passing the premises of appellee at the natural surface of the ground."

We are unable to appreciate the distinction. In both cases the right of way was acquired for the purposes of constructing, maintaining and operating a railroad, and, as said by Mr. Justice Hand in the Kotz case, the right of appellee in such respect " was not exhausted as soon as a surface road was built thereon, but is a continuing right which will enable appellee to change its plan of construction and operation to meet the demands upon it of a growing business and the changes wrought by the development of society."

Having reached this conclusion, it is entirely unnecessary to consider the other questions that have been argued.

The judgment of the Circuit Court is reversed, without remanding the cause.