### Franklin Osburn v. City of Chicago.

1. Cities and Villages—*Right under Police Power to Require Railroads to Elevate Tracks.*—A municipality has the right in the legal exercise of its police power, within reasonable limits, to require a railroad company to elevate its tracks so as to avoid grade crossings over public streets, and thus protect the lives and property of its citizens.

2. Easements—*Of Public in Railroad Right of Way.*—A right of

way belonging to a railroad company is private property as to an adjoining owner and the latter has no easement thereon of light, air and view.

3. RAILROADS—*Liability of Owner of Property Devoted to Public Uses.*—The liability of the owner of property devoted to public uses is no greater than that of the owner of property held for private uses.

Trespass on the Case.—Damages caused by the elevation of railroad tracks. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed December 30, 1902.

Statement.—Appellant sued to recover damages alleged to have been caused by elevation of the tracks of the Chicago and North Western Railway Company under an ordinance enacted by the city council of Chicago. In his declaration he alleges that he is the owner of certain blocks of land embraced within the city limits, containing about 125 acres, having a width of about half a mile from east to west; that prior to the elevation of the tracks, it was possible for persons and vehicles to pass over the railroad right of way which runs diagonally across the property, at or near the level of the ground; that without his knowledge or consent, and without compensation to him, the city, by said ordinance, caused the tracks to be elevated upon an embankment thirteen feet high, eighty feet wide at the bottom and forty at the top; and that by reason of such elevation access and egress to appellant's premises was closed, and light, air and vision were obstructed, thus greatly injuring the property and damaging appellant.

There is evidence tending to show that the embankment extends about half a mile through the property without any viaduct, subway or crossing within that distance, over or under the tracks; that the premises said to be damaged had been prior to the elevation platted into blocks, and three north and south streets laid out, which were intended to run across said railroad tracks and right of way; that these proposed streets are now completely closed, and that appellant's property has been damaged.

At the close of the plaintiff's evidence, the court instructed the jury to find for the defendant.

N. M. JONES, attorney for appellant.

CHARLES M. WALKER, corporation counsel, and THOMAS J. SUTHERLAND, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court. Appellant's counsel relies for the recovery sought, upon the constitutional provision, that private property shall not be taken or damaged for public use, without just compensation. It is to be borne in mind that the damage which it is alleged appellant has suffered is charged in his declaration to have been caused solely by the elevation of the tracks of the railroad company on its own right of way. There is here no claim for damages by reason of closing or changing the grade of existing streets or occupying them with railroad tracks. No direct physical disturbance is alleged of any right of property possessed by appellant, differing in kind or degree from that of the public in general. The plat of appellant's property introduced in evidence shows that the streets laid out thereon do not cross or include any part of the railroad right of way, but stop at its outer borders. No streets were ever opened across the tracks and none were closed by the erection of the embankment. Appellant has not been thereby deprived of any right of access or egress which he ever possessed. Damages for the loss of what appellant never possessed can scarcely be deemed recoverable. It is possible that the difficulties in the way of opening the streets referred to across the right of way may be greater now than before the elevation, but this would afford no cause of action. The street might never have been opened had there been no elevation. The cases cited by appellant, in which changes of the grade of streets, the building of viaducts, the construction of railroads upon public streets, thereby injuring private property, have been deemed a taking of private property for public use, so as to entitle the owner to recover special damages therefor, are not in point.

That the municipality had the right, in the legal exercise of its police power, within reasonable limits, to require the

railroad company to elevate its tracks so as to avoid grade crossings over public streets, and thus protect the lives and property of its citizens, is not now open to question. City of Chicago v. Jackson, 196 Ill. 496–502. It is true that rights of property can not be invaded under the guise of an exercise of the police power. But requiring the railroad to elevate its tracks on its own right of way, invaded no right of property for which appellant is entitled to recover compensation. Recovery can not be had of the railroad company for damages caused by the alleged obstruction of light, air and view occasioned by such track elevation. A right of way belonging to a railroad company is private property as to an adjoining owner and the latter has no easement thereon of light, air and view. Kotz v. I. C. R. R. Co., 188 Ill. 578–583; C. & W. R. R. Co. v. Cogswell, 44 Ill. App. 388. There was here, as we have said, no direct physical disturbance of any public or private right which the plaintiff enjoys in connection with his property which entitles him to special damage in excess of that sustained by the public generally. See City of Chicago v. Spoor, 190 Ill. 340–347, and cases there cited. The railroad had the right to elevate its tracks, independent of the ordinance without liability for so doing. The city incurred no liability by requiring the road to do for the public safety, what the railroad company had a right to do of its own volition, upon its own property, without incurring liability. The liability of the owner of property devoted to public uses is under such circumstances no greater than that of the owner of property held for private purposes. C. & W. I. R. R. Co. v. Cogswell, and Kotz v. Ill. Cent. Ry. Co., *supra*; Metropolitan W. S. El. R. R. Co. v. Goll, 100 Ill. App. 323–334, *et seq*.

The judgment of the Superior Court is affirmed.