## City of Chicago v. Michael Pulcyn.

### Gen. No. 12,696.

1. REAL PROPERTY—*what damage to, within meaning of statute.* The obstruction of the means of ingress to and egress from private property is damage within the meaning of the Constitution, and an action lies against a municipality which has so injured such property.

2. ' TRACK ELEVATION—*what evidence competent as tending to show damage to real property by reason of.* Evidence. is competent which tends to show that the plaintiff, in an action for injury to real property by track elevation, has been injured by the increase of dust, smoke and ashes and by interference with his light and air.

3. TRACK ELEVATION—*what proper to be considered as an element of damage in action for injury by reason of.* A reduction of rental value of the premises in question, if any there was, caused by the elevation of tracks and by the obstruction of the street upon which such property is located, is an element of damage properly to be taken into consideration.

4. ERRORS—*when will not reverse.* Errors, though manifest, will not reverse if not prejudicial.

Action on the case. Appeal from the Superior Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed October 23, 1906.

THOMAS J. SUTHERLAND, for appellant; JAMES HAMILTON LEWIS, Corporation Counsel, of counsel.

HIRAM BLAISDELL and OLIVER R. BARRETT, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action on the case brought by appellee to recover damages for injuries to his property fronting south on Wade street, Chicago. The damage was caused, it is claimed, by the elevation, pursuant to an ordinance of the city of Chicago, of certain tracks of the Chicago and Northwestern Railway

Company crossing Wade street. It appears from the evidence that the railroad right of way includes a front corner of the plaintiff's lot. Wade street is sixty-six feet wide, running east and west. Before the elevation of the tracks, it was open across the railroad right of way. The ordinance in accordance with which the tracks were elevated provided for the erection at Wade street of a narrow subway ten feet in height and twelve feet wide. This subway is only available for the use of foot passengers. The plaintiff's property is therefore left in a kind of pocket. Access to it by vehicles from the other side of the railway can no longer be had through Wade street, but only by going around through streets north or south of Wade street, in which full sized subways have been erected.

The plaintiff must recover, if at all, under that provision of the Constitution which provides that "private property shall not be taken or damaged for public use without just compensation." There is no doubt that the city had the right under its police powers to require the elevation of the railway tracks, thus eliminating the grade crossing which in a city especially is a source of danger to life and property. If by obstructing access to plaintiff's property the latter has been damaged for public use, the owner is entitled to be justly compensated for the actual damage so inflicted. It has been uniformly held in this state that obstructing egress and ingress to private property is damaging it for public use within the meaning of the Constitution. City of Chicago v. Jackson, 196 Ill. 496, 505, and cases there cited.

It is contended in behalf of the city that the trial court erred in permitting the introduction of evidence to the effect that the elevation of the tracks across Wade street had caused an increase of dust, smoke and ashes upon the plaintiff's premises from the operation of trains at the increased height, and also

that it had diminished plaintiff's light and air.  If by these things there was a direct physical injury inflicted upon the plaintiff's right of user or enjoyment of his property, by reason of which he sustained some special pecuniary damage in excess of that sustained by the public generally, such testimony would be admissible.  Metropolitan W. S. El. R. R. Co. v. Goll, 100 Ill. App. 323-331, 332; Calumet & C. C. & D. Co. v. Morawetz, 195 Ill. 398, 408. But the evidence does not in our judgment tend to sustain plaintiff's claim in this respect, and much of it was, we think, improperly admitted.  In view of the fact, however, that there is competent evidence tending to show that the property has been damaged in excess of the amount of the finding and judgment, we are of opinion that whatever of error there was in this respect was harmless.

It is said that the court erred in admitting evidence in behalf of the plaintiff as to the rents received for the premises in question before the elevation of the tracks and those received after elevation.  A reduction of rental value of the premises, if any there was, caused by the elevation and by the obstruction to the street, was an element proper to be taken into consideration in estimating the damages.  But the difference in rents received before and after the elevation does not necessarily prove a reduction in rental value. There may have been reasons why the premises did not rent as well as formerly, which were entirely independent of the track elevation under the ordinance, such as reduced demand, character of improvements, condition as to repair and the like.

Complaint is made of the action of the court in limiting the number of appellant's witnesses with reference to the value of the property claimed to have been damaged and as to the effect upon it of the elevation of the tracks under the ordinance.  Apparently, as stated by appellee's attorneys, the order was

not enforced, and appellant had the benefit of additional testimony upon these points.

That there were errors in the trial is manifest, but we do not regard them as prejudicial to appellant. There can be no reasonable doubt from the evidence that appellee's property has been damaged by closing the street to traffic teams and other vehicles, to the full amount of the finding and judgment. We discover no reason to believe that .the verdict assessing the damages at $500 was not discriminating and just. As said in City of Chicago v. Jackson, 196 Ill. 496, on page 511 above referred to: "Where substantial justice has thus been accomplished through the trial, and where it seems obvious that no decision more favorable to the appellant would result from another trial, it is not necessary nor is it proper, that the judgment should be reversed because of the errors in procedure," such as we find in this record. See also City of Chicago v. LeMoyne, 119 Fed. Rep. 663, 668.

The judgment will, therefore, be affirmed.

*Affirmed.*