Foley Manufacturing Co. v. City of Chicago, 194 Ill. App. 532.

for value, *held* error to admit the mortgage in evidence, where it appeared that the mortgage had been acknowledged by the attorney in fact of the mortgagor.

---

# Foley Manufacturing Company, Appellee, v. City of Chicago, Appellant.

## Gen. No. 19,824.

1. RAILROADS, § 205*—*when city may require track elevation.* In the exercise of the police power, a city had a right, within reasonable limits, to require a railroad company to elevate its tracks so as to avoid grade crossings, and to protect the lives and property of citizens.

2. RAILROADS, § 220*—*what are elements of damages for railroad elevation.* In an action to recover for damages to land, caused by the elevation of the tracks of a railroad company in compliance with a city ordinance, among the proper elements of damage are, the change in the grade of adjoining streets, through which the plaintiff had ingress and egress, and the closing of an alley, which cut off travel through it, in so far as such damage may have exceeded any benefits which may accrue to the land as a result of the improvement.

3. RAILROADS, § 220*—*when instruction on damages for track elevation erroneous.* In an action to recover for damage to land due to the elevation of railroad tracks, an instruction that the loss of the use of the switch track, removed incidentally in compliance with a city ordinance requiring such elevation, was an element of damage to be taken into consideration by the jury in assessing damages, *held* to be reversible error, for the reason that it introduced an element of damage not sanctioned by the law.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Foley Manufacturing Co. v. City of Chicago, 194 Ill. App. 532.

4.  APPEAL AND ERROR, § 1782*—*when verdict including improper element of damages reversed.* Where a verdict is for a lump sum and includes several elements of damage, one of which is for injury to legal rights which do not exist, the judgment must be reversed, where the amounts assessed for the proper elements of damage cannot be ascertained, either from the verdict or from the evidence.

5.  RAILROADS, § 220*—*what is measure of damages for track elevation.* The measure of consequential damages to land, due to track elevation operations, is the difference between the value of the property as a whole at the time immediately preceding the track elevation, and its value thereafter, as affected by the changed conditions, which are regarded as elements of damage.

6.  RAILROADS, § 220*—*what are consequential damages from track elevation.* Where no land of the plaintiff is taken as the result of the track elevation operations complained of, the damages recoverable are consequential.

7.  RAILROADS, § 220*—*when ordinance confers no additional rights.* A city ordinance containing an agreement to pay damages incident to track elevation operations which was required by the ordinance gives no right to any person injured thereby which such person did not have aside from the ordinance.

8.  RAILROADS, § 220*—*when track elevation ordinance confers no right of action.* A city ordinance requiring a railroad company to elevate its tracks, and incidentally necessitating the removal of a switch track abutting the plaintiff's property at grade, in order to comply with the ordinance, gives no right of action against the railroad company, either under the Constitution of 1870 or at common law, for the damages caused by such elevation and removal.

9.  RAILROADS, § 220*—*when purchaser of land in view of existing conditions bound to take notice of possible danger.* Persons who buy land and make improvements thereon, with reference to the convenience of an existing switch track, abutting their land at grade, for shipping their product, do so with the implied knowledge that a city ordinance may be passed, compelling the railroad company to elevate its tracks, and thereby abolish such grade switch tracks.

10.  RAILROADS, § 220*—*when owner of land not entitled to damages for removal of switch due to track elevation.* The fact that the plaintiff purchased his property and made improvements thereon, with reference to an existing switch track connection at grade with the tracks of a railroad company, and the convenience of the same for shipping his product, does not operate to give a right against the city to have the railroad company maintain the tracks at the existing grade, or to create a right of action against the city for damages caused by. the removal of the track, when made necessary by the compliance of the railroad company with a city ordinance requiring it to elevate its tracks.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed October 5, 1915.

WILLIAM H. SEXTON, for appellant; LEE D. MATHIAS, P. W. SULLIVAN and WILLIAM DILLON, of counsel.

HOWARD W. HAYES and VAIL & VETTE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

In this suit appellee seeks to recover damages to its factory property from the appellant municipality, arising, as it contends, from the raising of the tracks of the Chicago, Burlington & Quincy Railroad Company under a city ordinance so requiring, whereby appellee was deprived of the use of a certain surface switch or team track of the railroad adjoining and abutting its property, and because of the depressing of the roadbeds of Twenty-fifth and Twenty-sixth streets and the closing of a certain alley, through which streets and alley it had the right of ingress and egress to and from its property. Appellee claims to have bought its property in view of the shipping facilities afforded by such switch or team track, which were, by the elevation of the tracks of the railroad, abolished, thereby lessening the value of its real estate and factory plant and lumber storage yards, to which several uses the land was put. A trial before court and jury resulted in a verdict and judgment against the city and in favor of appellee for $22,500, and the city appeals.

We are not concerned with the amount of the damages, as counsel for the city concede that if appellee is entitled to recover damages upon the theories presented by the evidence and the instructions to the jury, the amount assessed is not too much, and say in their brief: "But we are not here attacking the amount of the verdict as being against the weight of the evidence.

If it be assumed that the plaintiff was entitled to recover the kinds of damage which it sought to recover in this case, we admit that the amount of the verdict was so far within the scope of the evidence as to justify this court in refusing to set it aside on the ground that it is excessive or against the weight of the evidence.''

The objections and exceptions made, preserved in the trial court, and the errors here assigned upon the record, present for our determination two questions:

FIRST. By the elimination of the switch or team track through the elevation of the railroad tracks, under the city ordinance, and depriving appellee of the use of the same in its business, is the city liable under the law for the resulting damage to appellee in the decrease in value of its property thus occasioned? And—

SECOND. Is the city liable to appellee for the decrease in value of its property resulting from the closing of the south end of the alley between Western and Artesian avenues, and the depression of that portion of Twenty-fifth and Twenty-sixth streets contiguous to appellee's property?

By the instructions given by the court at the request of appellee, both these elements were submitted to the jury for their consideration as constituting measures of damages recoverable, in this action, from the city.

The proof shows that the switch or team track was not on the property of appellee and that its use of the track as a shipping facility was in common with others; that it had no contractual right with the railroad company entitling it to its continued use, so that when the railroad company eliminated it in the elevation of its tracks in the vicinity of appellee's property, it violated no agreement that it had with appellee nor any duty which it owed appellee by implication of law. No part of the property of appellee was actually taken in the track elevation operation, so that the damages recoverable are consequential and the measure of such

damages is the difference between the value of the property as a whole at the time immediately preceding the track elevation and its value thereafter, as such value may be affected by the changed conditions, which are, under the law, regarded as elements of damage recoverable against the city.

The first element of damage, resulting from the elevating of the tracks and the consequent abolishing of the switch or team track, under the conditions here prevailing, is not recoverable in this action.

We think it clear, under the evidence in this record, that appellee had no right of action against the Burlington road because of the elevation of its tracks under the ordinance and the necessary doing away with the switch or team track abutting appellee's property, and that the agreement in the ordinance by the city to pay the damages incident to the track elevation by the railroad, under the ordinance, gave no right of action to appellee against the city which it did not possess aside from the ordinance. *Chicago Flour Co. v. City of Chicago,* 243 Ill. 268.

On the question now under discussion, *Otis Elevator Co. v. City of Chicago,* 263 Ill. 419, would seem to be controlling. It is held in the *Otis* case, *supra,* in which the condition was similar to that in the case at bar, that neither under the Constitution of 1870 nor by the course of the common law would the railroad company be liable in an action for damages for the elevation of its railroad tracks under a city ordinance, and the removal of a switch track abutting the Otis property. This reasoning in the *Otis* case is conclusive against the contention of appellee as the city in the exercise of its police power had a right, within reasonable limits, to require the Burlington road to elevate its tracks so as to avoid grade crossings upon streets, thus protecting the lives and property of its citizens. *Chicago & N. W. Ry. Co. v. City of Chicago,* 140 Ill. 309.

It is urged by appellee that its property was pur-
chased and its factory and lumber yard installed be-
cause of the advantage arising from the proximity of
the railroad and the existence of the team track in
affording facilities for shipping its wares and product;
but in the *Otis* case, *supra*, it was held that the mere
fact that a property owner constructs improvements
on his property with reference to a switch track con-
nection at grade with the tracks of a railroad com-
pany, does not operate to give a right against the city
to have the railroad tracks maintained at the existing
grade.   In other words, when appellee bought its land
and made its improvements thereon it did so with the
implied knowledge that a city ordinance might be
passed compelling the railroad to elevate its tracks and
thereby abolish all grade switches, and that no dam-
ages would be recoverable by reason thereof.   *Kotz v.
Illinois Cent. R. Co.*, 188 Ill. 578.

The change in the grade of the streets adjoining the
property of appellee, through which it had the right of
ingress and egress, and the closing of the adjacent al-
ley cutting off its right of travel through it, are proper
elements of damage for which a recovery may be had
in this suit, so far as the same caused a depreciation
in the value of the property of appellee, if such dam-
age exceeded any benefits to such property attributable
to improvements, if any, which might flow from the
track elevation.

In *City of Chicago v. Lonergan,* 196 Ill. 518, it is held
that the city is liable for damage to private property
arising from a change in the grade of the street on
which it abuts, made necessary by the building of a
subway under railroad tracks in obedience to a track
elevation ordinance.

*City of Chicago v. Jackson,* 196 Ill. 496, follows the
*Lonergan* case, *supra,* and also holds that any change
in the grade of a street by which ingress to or egress
from private property is obstructed is a damage to

private property for public use within the meaning of section 13 of article II of the State Constitution of 1870.

The court, at the request of appellee, instructed the jury by the third instruction that an element of damage to be taken into consideration in assessing the damages of appellee, was the effect upon the value of appellee's property resulting from the loss of the use of the switch or team track eliminated by the elevation of the tracks of the Burlington road under the city ordinance requiring them to be elevated. This was reversible error as introducing an element of damage not sanctioned by the law. As the judgment includes damages for injuries to supposed legal rights which had no existence, and neither by the verdict of the jury nor the evidence in the record can the amounts assessed for the loss of the use of the switch or team track and the depression of the streets and the closing of the alley be separately ascertained, the case must be sent back to the trial court, so that on a new trial the assessment of damages may be limited to the injury sustained by appellee to its property, as indicated in this opinion.

For the error in assessing damages, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*