Anna Wiener, Appellant, v. The Pennsylvania Railroad Company, Appellee.

Gen. No. 39,370.

Opinion filed November 10, 1937.

DAVID J. BENTALL, of Chicago, for appellant; WILLARD HEDLUND, of Chicago, of counsel.

THEODORE SCHMIDT, of Chicago, for appellee.

MR. JUSTICE HALL delivered the opinion of the court.

On September 24, 1936, plaintiff filed a complaint in the superior court of Cook county in which she alleges, in substance, that she owns and lives in certain property close to the point on Garfield boulevard, in Chicago, Illinois, where the defendant's right-of-way crosses that boulevard; that prior to July, 1934, the defendant in routing and classifying freight cars assigned to its classification yards located at 49th and Wallace streets in Chicago for routing and classification purposes confined the switching operations that

were incidental to said routing and classification to an area on the defendant's right-of-way extending from a point approximately 1,500 feet north of the classification yards to a point 1,500 feet south of the classification yards; that in the doing of the railroad business of the defendant as conducted by it prior to July 13, 1934, on the right-of-way at and near the plaintiff's house: The locomotives of the defendant did not throw off smoke, soot and cinders in such a manner and in such quantities as to penetrate into and cover the plaintiff's house; the locomotives pulling the trains of the defendant did not cause the plaintiff's house to vibrate and shake, did not cause the siding of the outside walls, the plastering and wallpaper on the inside walls, the plastering on the ceilings to crack and fall off; the noise of warning bells and the steam whistles on the locomotives of the defendant, the escape of steam from said locomotives did not annoy the plaintiff or keep the plaintiff and the tenants occupying her house from sleeping at night; there was no noisy bumping together of freight cars or the noisy squeaking of brakes to annoy the plaintiff and the tenants in her house and to keep them from sleeping at night; in the absence of vibration and shaking of the house the plaintiff and the tenants occupying her house were not in constant fear of injury from falling plaster; that in July, 1934, or thereabouts, the defendant changed its freight classification practices with reference to the routing and classification of said freight cars in that the switching operations incident to such routing and classification were not confined to the area on the defendant's right-of-way that they were formerly confined; that the defendant in July, 1934, changed the purpose of its right-of-way, extending from a point approximately 1,500 feet south of the classification yards to a point approximately 2,000 feet to one-half mile south of Garfield boulevard into a switching yard; consequently, locomotives pull along freight trains from the classification

yard to a point approximately 2,000 feet south of Garfield boulevard; that these locomotives violently push and pull these freight trains in a northerly direction, suddenly starting and suddenly stopping them; engaging in these new switching operations in this new area, these locomotives throw large quantities of smoke, soot and cinders on the plaintiff's property, injuring it inside and out, and cause vibrations that shake her house violently, causing siding on the outside walls, the plastering on the inside walls and ceilings and the wallpaper on the walls to crack and fall off; that the falling plaster and the vibration kept the plaintiff and those who have occupied, or who occupy, the house with her in constant fear of injury; that the deafening noise from the new switching operations in the new switching area has kept plaintiff and the others who have occupied, or who occupy the house, from sleeping at night, and that as a result of the new switching operations her house has been greatly damaged in that its rental value has been destroyed; its value as a home for the plaintiff has been substantially impaired, and it has been all but rendered useless and valueless. Plaintiff claimed damages in the sum of $7,000. Defendant filed the following motion:

"The defendant, The Pennsylvania Railroad Company, a corporation, moves that the above-entitled action be dismissed, and for grounds of said motion says that the amended complaint is substantially insufficient in law in the following respects:

1. It fails to state a cause of action against the defendant.

2. It fails to show a breach by the defendant of any duty which it owed the plaintiff.

3. It fails to show that the defendant is using the portion of its right-of-way, as described in the amended complaint, for any purposes not within the scope of the defendant's original acquisition of said right-of-way.

4. The alleged present use of said portion of the defendant's right-of-way, as described in the amended complaint, is not, as a matter of law, inconsistent with or essentially different from the alleged former use.

5. The use of said portion of the defendant's right-of-way, as described in the amended complaint, is not a new or additional use of said right-of-way for which the plaintiff is entitled to damages.

6. The alleged new use of said portion of the defendant's right-of-way, as described in the plaintiff's amended complaint, is a necessary and proper development and extension of the operation of the defendant's railroad, and for any consequences thereof no damage has been caused the plaintiff for which she can recover in this suit.

7. The defendant, in making the alleged change in its freight classification practices with reference to the classification and routing of freight cars, as described in the plaintiff's amended complaint, was and is operating in its public capacity, and is not liable in damages to the plaintiff for any consequences thereof.'' The court allowed the motion of defendant and dismissed the petition. This is an appeal from that order.

In *Chicago & E. I. R. Co. v. Loeb,* 118 Ill. 203, an action on the case was brought by Adolph Loeb, against the Chicago and Eastern Illinois Railroad Company on June 9, 1880, in the superior court of Cook county, to recover damages sustained from the operation of defendant's railroad, by throwing smoke, cinders and ashes upon plaintiff's premises. Upon a trial by the court, without a jury, there was judgment for the plaintiff for $1,200, which was affirmed by the Appellate Court, and the defendant appealed further to the Supreme Court. In that case, the declaration averred that plaintiff was the owner of three lots in Chicago, with the buildings thereon which were used for dwellings, and that defendant wrongfully and unjustly

maintained and operated near plaintiff's property, divers railway tracks and switches upon the street within 10 feet of the property; "that steam engines have passed and repassed along the property, and in doing so have unlawfully and unjustly caused to be thrown and deposited in and upon plaintiff's property, large quantities of smoke, cinders, dust, soot, ashes, sparks of fire, and other substances, and in operating the same they generally disturbed and vibrated the buildings; that by reason of the close proximity to said premises, the defendant has constantly thrown and deposited upon plaintiff's property, smoke, cinders, soot, dust and ashes and other substances, which greatly damaged the same, and depreciated the value of the property." Issues were joined on pleas of the general issue and the statute of limitations, and a trial was had, resulting in a verdict and judgment for the plaintiff, from which an appeal was taken, which, as stated, ultimately reached the Supreme Court where the judgment was reversed and the cause remanded, and the Supreme Court said: "For the class of injuries here sued for,—injuries necessarily resulting from the operation of a railroad,—there was no remedy, as we understand, previous to the constitution of 1870. The constitution of 1848 provided only that private property should not be taken for public use without just compensation. The provision for the first time was incorporated in the constitution of 1870, that 'private property shall not be taken *or damaged,* for public use, without just compensation. Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law.' Before the adoption of the latter constitution, where there was land taken for public use, there was provision for compensation. But where there was other disconnected land not touched by the improvement, but damaged, merely, as complained of in this case, no compensation was provided. To

meet this want, the clause of the constitution restrictive of the exercise of the power of eminent domain, provides that private property shall not be taken *or damaged* for public use without just compensation.

"We think it to be within the true intent and meaning of this provision as to damage, that there should be but one proceeding for recovery of damage, in which there should be recovery for the entire damage, past, present and future; that it should be similarly regarded, in this respect, as the provision in regard to the taking of property, where there is but one proceeding, and an assessment of compensation and damages once for all. The two provisions are coupled together, and are both in restriction of the exercise of the power of eminent domain." The court held, in effect, that the act of defendant, not being tortious, gave the landowner the right to recover any damage, past, present and future, which might result from the operation of the railroad, based on the proved depreciation in the value of the land, but that there was but one action and that must be brought within five years of the beginning of such operation.

In *Kotz v. Illinois Cent. R. Co.*, 188 Ill. 578, an action was brought by Kotz against the railroad company to recover damages to a lot owned by him fronting north on Sixtieth street in Chicago, and adjoining on the west the right of way of defendant, alleged to have been occasioned by the elevation of the company's roadbed and tracks. A trial was had, and at the close of all the evidence the court instructed the jury peremptorily to return a verdict for the defendant. Judgment was rendered on the verdict and appellant prosecuted an appeal from such judgment to the Supreme Court. The judgment was affirmed, and in its decision, among other things, the Supreme Court said: "One element of damages claimed by appellant, arising from the operation of appellee's railroad as elevated, is, that more noise, dust, cinders, smoke, gases and other

noxious substances have been cast upon his lot. The right of way of appellee was granted . . . 'for the purposes of constructing, maintaining and operating thereon a single or double track railroad, with all the necessary appurtenances, and for all uses and purposes connected with the construction, repair, maintenance and complete operation of said railroad.' . . . The increased uses of the right of way of appellee which have produced the effects complained of, are a necessary incident to and inseparable from the successful operation of appellee's railroad and fall within the terms of the grant of its right of way. It follows that for such increased uses and the consequences flowing therefrom, no damage has accrued to appellant, the damage, if any, being *damnum absque injuria.*

"The appellee, . . . to meet the growing demands of trade and commerce, may with the same propriety elevate its road-bed through a populous city that it may increase the number of its trains or tracks, change its motive power from steam to electricity or consolidate its lines with those of other companies, so as to furnish to the traveling public through connections and direct communication from inland towns and cities with the seaboard. The right of appellee to use its right of way 'for all uses and purposes connected with the construction, repair, maintenance and complete operation of said railroad' was not exhausted so soon as a surface road was built thereon, but is a continuing right, which will enable appellee to change its plan of construction and operation to meet the demands upon it of a growing business and the changes wrought by the development of society. . . .

"We are of the opinion that appellee had the right to elevate its road-bed and tracks, that it did not by reason thereof become liable to respond to appellant in damages, and that the superior court of Cook county properly instructed the jury to find for the defendant."

It is to be noted that there is no charge made here of negligent or unlawful operation of defendant's railroad. We are of the opinion that the court was correct in sustaining the motion to strike. Therefore, the judgment of the superior court of Cook county is affirmed.

*Affirmed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.