# CASES

SALLY LEFKOVITZ, Appellant, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed December 15, 1908—Rehearing denied Feb. 4, 1909.*

1. MUNICIPAL CORPORATIONS—*city not liable to abutting owner for temporary obstruction of street.* A city may temporarily obstruct a public street so far as it may be necessary to enable the city to construct a public improvement, such as a tunnel, sewer, water supply-pipe, etc., without becoming liable for damages to an owner of property abutting upon the street.

2. SAME—*what is meant by temporary obstruction of a street.* The "temporary" obstruction of a street, such as will not give rise to an action of damages against the city at the suit of an abutting owner, is the opposite of "permanent," and means a period of time commensurate with the reasonable prosecution of the work which is being carried on.

3. PLEADING—*declaration should show that obstruction of street has been for unreasonable time.* A declaration in an action against a city for damages to an abutting owner for obstructing a street for an unreasonable period should show the character of the work being carried on by the city which has caused such obstruction, and in the absence of such an allegation it will be presumed that the city is engaged in a lawful undertaking and is doing the work with reasonable dispatch.

4. SAME—*what averments do not show unreasonable obstruction of street.* Averments that the defendant city has permitted an obstruction to remain in the street in front of the plaintiff's property for three years, and that it was not placed there for the purpose of grading and improving such street or for any purpose connected with the construction and improvement of the street, do

not show that the obstruction was unlawful or has remained for an unreasonable time, where there is no averment of the character of the work being carried on.

5. SAME—*what averments are mere conclusions of the pleader.* Averments in a declaration that obstructions have been wrongfully placed in a street by the city and that they have been permitted to remain there for an unreasonable length of time are not averments of facts but are mere conclusions of the pleader.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

This was an action on the case commenced by the appellant in the circuit court of Cook county, against the city of Chicago and others, to recover damages occasioned by the obstruction by the defendants of a public street in the city of Chicago upon which the premises of appellant abutted.

The declaration contained three counts. The first count alleged, in substance, that on the 19th day of March, 1897, the plaintiff was the owner of certain premises in the city of Chicago which abutted upon Potomac avenue, a public street in said city; that said premises were improved with a building containing stores and saloons of the rental value of $50 per month; that defendants wrongfully and against the will of the plaintiff erected a certain large structure and platform, fifteen feet high, upon said street, in front of and in close proximity to said premises, and thereby cut off the access of the public to the building located upon said premises, and that said obstruction had remained in said public street for the period of three years, and that by reason thereof prospective customers at said stores and saloons were denied access thereto; that the tenants therein refused to renew their leases and vacated said premises, and plaintiff was unable to re-rent said stores and saloons, and thereby the rental value of said stores and saloons was lost to the plaintiff. The second count contained substantially the same allegations as the first, and in addition thereto al-

leged that one of said structures was a platform or bin, and that the defendants also had, wrongfully and against the will of the plaintiff, deposited stones, gravel, sand, dirt and other obstructions upon and near the base of said platform and structure, and permitted the same to remain upon said street and platform from then to the commencement of the suit; that said structures cut off access to said stores and saloons, and said stones, gravel, etc., gave an unsightly appearance to said premises and otherwise injuriously affected said premises; that said structures and said stones, etc., were not constructed and deposited in and upon said street for the purpose of grading and improving said street or for any purpose connected with the construction and improvement of said street, and that they were not necessary in said street and have been maintained therein for an unreasonable and unnecessary length of time. The third count contained substantially the same allegations found in the first and second counts, with the additional averments that the market value of the building located on said premises, in consequence of said obstructions, had greatly depreciated.

To the declaration, and each count thereof, the defendants filed a general demurrer, which was sustained, and the plaintiff having stood by her declaration, the case was dismissed at her cost, and she prosecuted an appeal to the Appellate Court for the First District, where the judgment of the circuit court was affirmed, and she has prosecuted a further appeal to this court.

SPENCER WARD, and JESSE COX, for appellant:

If in the exercise of its corporate powers a municipal corporation creates or permits a nuisance by non-feasance or misfeasance it is guilty of a tort, and like a private corporation or individual, and to the same extent, is liable to damages in a civil action to any person suffering special injury therefrom. *Champaign* v. *Forrester,* 29 Ill. App. 117;

*Kewanee* v. *Ladd,* 68 id. 154; *Mootry* v. *Danbury,* 45 Conn. 550; *Briegel* v. *Philadelphia,* 135 Pa. St. 451; *Bank* v. *Tyson,* 133 Ala. 459.

A city cannot so obstruct its streets as to deprive property holders of free access to and from their lots. *Stack* v. *East St. Louis,* 85 Ill. 377; *Pennsylvania Co.* v. *Chicago,* 181 id. 289; Lewis on Eminent Domain, (2d ed.) sec. 91*e; Guttery* v. *Glenn,* 201 Ill. 275; *Chicago* v. *Building Ass.* 102 id. 379; *Rigney* v. *Chicago,* 102 id. 64.

Municipal authorities cannot authorize that which is deemed a legal injury to the property of the individual without making compensation. *McDonald* v. *English,* 85 Ill. 232.

It is an unlawful use of a public street to erect a large structure therein. Abbott on Mun. Corp. par. 832; *Barrows* v. *Sycamore,* 150 Ill. 588; *Morrison* v. *Hinkson,* 87 id. 587; *Bates* v. *Holbrook,* 171 N. Y. 460; *Bank* v. *Tyson,* 133 Ala. 459.

Any permanent obstruction to travel, whether it be little or great, is an encroachment on the public right and constitutes a nuisance, and the city has no right to permit such an obstruction so as to deprive the public and the adjacent property owners of the use of streets. *Pennsylvania Co.* v. *Chicago,* 181 Ill. 289; *Barrows* v. *Sycamore,* 150 id. 588; *Smith* v. *McDowell,* 148 id. 51; *Hibbard* v. *Chicago,* 173 id. 91.

Whatever obstructs travel in public highways is a common or public nuisance. *McLean* v. *Matthews,* 7 Ill. App. 599; *Callanan* v. *Gilman,* 107 N. Y. 360.

Temporary and necessary obstructions of the streets for the purposes of or incident to their repair, and interruptions caused by the improvement of adjoining lots, if not continued for an unreasonable time, are not such encroachments as would amount to a public nuisance. *Pennsylvania Co.* v. *Chicago,* 181 Ill. 289; *Smith* v. *McDowell,* 148 id. 51; *Callanan* v. *Gilman,* 107 N. Y. 360.

Whether an obstruction in the street is necessary and reasonable must generally be a question of fact, to be determined upon the evidence relating thereto. *Callanan* v. *Gilman,* 107 N. Y. 360.

It is not necessary to state all of the acts of the defendants which were connected with the cause of action. The sufficiency of the declaration is determined by its contents, and not by considering evidence. *Chicago* v. *Lonergan,* 196 Ill. 518.

EDWARD BRUNDAGE, Corporation Counsel, ROBERT N. HOLT, and EMIL C. WETTEN, for appellee:

Loss of rents during the construction of improvements cannot be recovered but is a burden incidentally imposed. *Osgood* v. *Chicago,* 154 Ill. 194.

Damages cannot be recovered on account of the temporary closing of a street for the purpose of constructing a public improvement. *Osgood* v. *Chicago,* 154 Ill. 194; *Cary* v. *Chicago,* 60 Ill. App. 341; *Sanitary District* v. *Mc-Guirl,* 86 id. 392; *Chicago* v. *Noonan,* 121 id. 185; *Hamilton* v. *Vicksburg,* 119 U. S. 280; *Transportation Co.* v. *Chicago,* 99 id. 635.

The word "wrongfully," and similar words, tender no issue. 1 Chitty's Pl. *241; *Spahr* v. *Tartt,* 23 Ill. App. 420; *Wallace* v. *Railroad Co.* 34 S. C. 62.

An act which the law allows, if done in a proper manner, cannot be considered a nuisance. *Railroad Co.* v. *Loeb,* 118 Ill. 203; *Langfeldt* v. *McGrath,* 33 Ill. App. 158.

"Temporary" means a period of time commensurate with the reasonable prosecution of the work. *Bates* v. *Holbrook,* 171 N. Y. 460.

In a pleading, the facts must be set forth to a certainty,—that is to say, there must be a clear and distinct statement of the facts which constitute the cause of action or ground of defense, so that they may be understood by the party who is to answer them, and by the jury who are

to ascertain the truth of the allegations, and by the court which is to give judgment. *Railway Co.* v. *Jennings,* 157 Ill. 274; 1 Chitty's Pl. *236; *Liermann* v. *Milwaukee,* 132 Wis. 628.

No triable issue can arise out of a traverse of mere inferences. *Newell* v. *Bureau County,* 37 Ill. 253; *Greig* v. *Russell,* 115 Ill. 488.

A familiar elementary rule of pleading is that facts, only, are to be stated, and not arguments or inferences or matters of law. 1 Chitty's Pl. *217; *Kilgour* v. *Ferguson,* 77 Ill. 215.

A conclusion of law cannot be met by a plea so as to create a triable issue. *Compher* v. *People,* 12 Ill. 290.

Where a structure is permanent, the true test of damage to the land not taken, and its measure, is the depreciation in value shown by the market price before and the market price after the public use complained of. *Railway Co.* v. *Stickney,* 150 Ill. 362; *Dupuis* v. *Railroad Co.* 115 id. 97; *Railroad Co.* v. *Atterbury,* 156 id. 281; *Braun* v. *Railroad Co.* 166 id. 434.

Mr. JUSTICE HAND delivered the opinion of the court:

It is not alleged in the declaration that the obstructions complained of were permanent in their character or that they were negligently constructed. Neither is the purpose for which they were constructed shown, except it is averred in one count that they were not constructed for the purpose of grading or improving said street or for any purpose connected with the construction or improvement of said street. The law is well settled in this State that a city, or a person acting for a city, may temporarily obstruct a public street so far as it may be necessary to enable the city or its agent to construct a public improvement, such as a tunnel, a sewer, a water supply-pipe, etc., without becoming liable for damages to an abutting owner upon the street. (*City of Chicago* v. *Rumsey,* 87 Ill. 348; *Barrows* v. *City of Sycamore,*

150 id. 588; *Osgood* v. *City of Chicago,* 154 id. 194; *Northern Transportation Co.* v. *City of Chicago,* 99 U. S 635.) In *Osgood* v. *City of Chicago, supra,* which was an action on the case brought by an abutting owner to recover damages in consequence of the construction of the Jackson street bridge and viaduct, and the approaches thereto, upon Canal street, in the city of Chicago, on page 198, it was said: "The claim set up for loss of rent by reason of obstructions to access to and egress from the building during the progress of the work cannot be sustained. That is not damage to property not taken, within the meaning of the constitution, but merely a burthen incidentally imposed upon private property adjacent to a public work and without which such improvements can seldom be made."

The main contention of the appellant, however, seems to be that the obstructions were allowed to remain an unreasonable length of time in the street in front of her property and that the defendants should be held liable on that ground. The defect in her declaration in that regard is this: that it does not appear therefrom why said obstructions were placed in the street by the city or its agent, and the court is unable to determine from the declaration that said obstructions have been maintained in the street for an unreasonable time. The construction of a tunnel under the Chicago river in a public street in the city of Chicago, or the construction in a public street of a tunnel through which to obtain a water supply for the city of Chicago, might require an obstruction of a street for more than three years, while another public improvement in a street, like the repair of a water main, might readily be completed within one day. "Temporary," as used in this connection, is the opposite of "permanent," and means a period of time commensurate with the reasonable prosecution of the work which is being carried on. Every intendment is against the pleader, and in the absence of an averment in the declaration as to the character of the work in which the city

or its agent is engaged, this court is bound to presume that the defendants were engaged in a lawful undertaking and that they were acting with reasonable dispatch in putting in the improvement, and that the obstruction in the street would not be maintained therein an unreasonable length of time by the city or by its permission.

The constitution, as we have seen, provides no remedy in the way of damages to an abutting owner for the temporary obstruction of a public street while a public improvement is being constructed in the street. Had the declaration averred the undertaking in which the city was engaged,— that is, the character of public improvement which it was putting in,—and shown that the improvement had been completed or abandoned, or averred other facts from which the conclusion of law could legitimately have been drawn that the obstruction complained of had been maintained in the street an unreasonable length of time, it might legally have followed that the plaintiff had a legal claim for damages against the city and its agents for maintaining in the street, in front of her premises, the said obstructions. The averment that said obstructions were wrongfully placed in the street by the defendants and that they had maintained them therein for an unreasonable length of time was not the averment of a fact or facts but the averment of the mere conclusion of the pleader. Neither the declaration, nor any count thereof, averred a state of facts which showed the defendants were liable in damages to the plaintiff for obstructing the street or for maintaining in the street the obstructions complained of for an unreasonable length of time. The demurrer to the declaration was therefore properly sustained.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*