THE CHICAGO FLOUR COMPANY, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.—THE MILLERS' PRODUCTS COMPANY, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed December 22, 1909—Rehearing denied Feb. 3, 1910.*

1. CONTRACTS—*rule of construction.* The object in construing a contract is to arrive at the intention of the parties, and the subject matter of the contract, the nature of the instrument, the intention and purpose of the parties and the object they had in view will be taken into consideration and the intention carried into effect so far as the rules of language and the rules of law will permit.

2. MUNICIPAL CORPORATIONS—*a city has right to change grade of streets for track elevation.* A city has the right to change the grade of streets and require the elevation of railroad tracks and agree with the railroad companies upon the kind, extent and manner of the work to be done.

3. SAME—*a city not liable to abutting owner for temporary interference with access to property.* Temporary interference with access to abutting property during the time a street is obstructed for the purpose of constructing a public improvement is not a damaging or taking of property within the meaning of the constitution, and the city is not liable to the owner of such property for loss occasioned thereby.

4. SAME—*provision of Chicago track elevation ordinance that city shall pay damages gives no new rights.* The provision of the Chicago track elevation ordinance by which the city agrees to pay

all direct, incidental or consequential damages, if any there be, to adjacent property or business caused by the enforcement of the ordinance, was intended only to determine whether the city or the railroad companies should pay damages legally recoverable on account of the work, and not to give the property owners any new rights. (*St. L., V. & T. H. R. R. Co.* v. *Capps,* 67 Ill. 607, and 72 id. 188, distinguished.)

APPEALS from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

THOMAS J. SUTHERLAND, and BENJAMIN F. LANGWORTHY, for appellants.

EDWARD J. BRUNDAGE, Corporation Counsel, ROBERT N. HOLT, and FRANKLIN A. DENISON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Chicago Flour Company and the Millers' Products Company brought separate actions on the case against the city of Chicago. Demurrers were sustained to the declarations and judgments rendered in favor of the defendant. The appeals, taken directly to this court by the respective plaintiffs on the ground that the validity of a municipal ordinance is involved, the court having certified that the public interest so requires, have been consolidated.

The declarations show the following state of facts: The plaintiffs were wholesale dealers in flour, doing business in the city of Chicago, and occupied, under a lease, a half block of ground extending from Thirty-ninth street to Fortieth street, fronting east upon Wallace street. Along the west side of this ground was a switch-track, which connected in Fortieth street with the track of the Chicago Junction Railroad Company and which was furnished to the plaintiffs for their use under the terms of the lease. During the term of the lease the city of Chicago passed a track elevation ordinance, by virtue of which the Chicago

Junction Railroad Company and a number of other railroad companies were required to elevate the plane of certain of their railroad tracks and the grades of certain streets were changed. In compliance with the ordinance the Chicago Junction Railroad Company elevated its tracks in Fortieth street, and it thereby necessarily disconnected the switch-track connecting with the plaintiffs' premises during the progress of the work. It is to recover the damages sustained through being deprived of the use of the switch track during the work of elevation that the plaintiffs have brought these suits.

The elevation ordinance provided that it should be null and void unless accepted within sixty days by the railroad companies by filing their agreements to do all things required of them by the ordinance, and if that was done the ordinance should not be materially modified or amended without the consent of the companies affected by any proposed modification unless such companies should be in default in the performance of their agreements. The ordinance was accepted by the railroad companies and the work was done under it.

The ordinance contained the following provision, viz.: "Nothing in this ordinance contained shall be so construed as to require the said railroad companies to assume or pay any direct, incidental or consequential damages to adjacent property or business caused by the passage and enforcement of this ordinance, or by the excavation, depression or change of grade made in any part of the public avenues, streets or alleys, or by the elevation of the tracks of said railroad companies as herein required to be elevated, or to defend any suit or suits which may be brought against any party or parties for the recovery of any such damages. Be it understood, and the city of Chicago hereby agrees, that all such damages, if any there be, shall be adjusted and paid by the city of Chicago, and said city will and hereby agrees to assume the defense of any and all suits

brought for the recovery of all such alleged damages, intervening therein, if necessary, for the purpose, and will wholly relieve said railroad companies from defending the same, and hereby assumes and agrees to pay all judgments recovered against said railroad companies. The above stipulations in this paragraph are upon the condition precedent that in case any suit be brought against said companies, said companies will, before the last day to plead therein, give notice, in writing, of such suit or of such service to the mayor and to the corporation counsel of said city for the purpose of enabling such defense to be made by the city."

The city had a right to change the grade of the streets, to require the elevation of the railroad tracks, to agree with the railroad companies upon the kind, extent and manner of the work to be done. There is no complaint that the action of the city or of the railroad company was illegal or wrongful, that the work was unskillfully done or that there was any unreasonable delay in its execution. There was no physical taking of the plaintiffs' property. It is not claimed that there was any diminution of its value. The only invasion of their rights complained of, is the temporary interference with the ordinary means of access to and egress from their property during the progress of the work. It is well settled that inconvenience, expense or loss of business occasioned to abutting owners by the temporary obstruction of a public street, and the consequent interference with their right of access to their property, made necessary by the construction of a public improvement, gives no cause of action against the municipality. The constitution provides no remedy for the property owner under such circumstances. Such claim is not damage to property not taken, within the meaning of the constitution. *Lefkovitz* v. *City of Chicago,* 238 Ill. 23; *Osgood* v. *City of Chicago,* 154 id. 194; *Northern Transportation Co.* v. *City of Chicago,* 99 U. S. 635.

It is insisted, however, in behalf of the appellants, that the paragraph of the ordinance quoted above constituted a contract on the part of the city to pay all damages of the character here involved and that a recovery may be had therefor under the ordinance. That provision of the ordinance was not intended to impose upon either party a liability which did not before exist, but was intended to determine, as between the parties to the agreement, which should pay the damages for which it might be reasonably anticipated one or both would become liable in the prosecution of the work. It is true that the word "damages," as used in the ordinance, is capable of the meaning insisted upon by appellants, and we are referred to the case of *St. Louis, Vandalia and Terre Haute Railroad Co.* v. *Capps,* 67 Ill. 607, and *Same* v. *Same,* 72 id. 188, where an ordinance granted to a railroad company the right of way over, across and along the streets and alleys of a town upon condition that the railroad company should be held bound to pay all damages that might accrue to the property owners on Main street by reason of the construction of said railroad, and it was held that the damages there included damages for the interruption of a property owner's business during such time as would be necessarily employed in securing another place of business equally eligible and in removing thereto. This case arose prior to the adoption of the constitution of 1870, and at a time when, in the absence of the ordinance, neither the town nor the railroad company would have been liable for damages by reason of the construction of the railroad in the street. *Moses* v. *Pittsburg, Ft. Wayne and Chicago Railroad Co.* 21 Ill. 515; *Murphy* v. *City of Chicago,* 29 id. 279.

The object of the construction of contracts is to arrive at the intention of the parties. The subject matter of the contract, the nature of the instrument, the intention and purpose of the parties and the object they had in view will be taken into consideration and the intention carried into

effect, so far as the rules of language and the rules of law will permit. (2 Parsons on Contracts, *499.) In the *Capps case* there was no liability on the part of either the town or the railroad company for any damages whatever. The object of the town in inserting the provision concerning damages was manifestly to secure the property owners on Main street against damages of every character, the meaning of the word never having been adjudicated in a similar case. In the present case, the city, and perhaps the railroad company, would be liable for certain damages, the meaning of the word having been defined by many adjudications, and the manifest object of the parties was, not to protect property owners and to secure them their damages, but to determine, as between the city and the railroad company, who should pay them if any were to be paid and to relieve the railroad company from their payment. The property owners were protected by the law which gave them a right to recover damages, which did not exist in the *Capps case*. The damages which could be recovered were defined by law. We think it apparent that only such damages were contemplated in the ordinance and that the object of the provision was to afford indemnity to the railroad companies, and, as between them and the city, to impose upon the latter the liability for all damages legally recoverable against either or both on account of the work mentioned in the ordinance.

The appellee insists that the city had not the power to assume a liability for damages for which it would not be legally liable, and contends that this portion of the ordinance, if given the construction contended for by appellants, would therefore be invalid. In view of our construction of the ordinance it is unnecessary to determine this question.

The judgment is affirmed.          *Judgment affirmed.*