## Catholic Bishop of Chicago, Appellant, v. City of Chicago, Appellee.

### Gen. No. 16,987.

1. RAILROADS—*liability for settling of building caused by excavations on right of way.* Where plaintiff's building, which he occupied, was damaged by settling caused by work done by a railway company in connection with the elevation of its tracks as required by ordinance, the company is liable for such damages.

2. CITIES AND VILLAGES—*power of city to indemnify railway company against liability for damages caused by elevation of tracks.*

A city is bound by the contract contained in an ordinance which requires it to assume all liability for damages to property adjacent to the right of way of a railway company caused by work connected with the elevation of tracks as required by such ordinance, where the company elevated its tracks in strict compliance with the ordinance and deeded valuable property to the city as provided therein which could not have been acquired by ordinance against the company's will.

Appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed with directions. Opinion filed January 29, 1913.

P. J. O'KEEFFE, for appellant; EDMUND W. BURKE, of counsel.

EDWARD J. BRUNDAGE and ROBERT N. HOLT, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case instituted in the Circuit Court by the Catholic Bishop of Chicago against the City of Chicago, wherein a hearing by the court upon a stipulation as to the facts resulted in a finding and judgment against the plaintiff, who prosecutes this appeal.

The declaration alleges the ownership, possession and control by the plaintiff of certain property, known as Holy Angels Church and School, consisting of a church building used for religious worship and a school building used as a parochial school, situated in the City of Chicago, and abutting on the right of way of the Chicago Junction R. R. Co., and the Union Stock Yards and Transit Co.; that on March 16, 1903, there was adopted by the City of Chicago an ordinance requiring said companies to elevate their tracks, construct certain subways and construct embankments, abutments and retaining walls for such track elevation, in accordance with certain specifications therein contained; that in pursuance of said ordinance the said

companies elevated their tracks to a height of 20 feet, where the said property of the plaintiff abuts, and constructed embankments, abutments and retaining walls to the like height; that in the construction of said embankments, abutments and retaining walls it was necessary for said companies to excavate their right of way to a depth of about ten feet; that by the said construction of said embankments, etc., the gable in said school building was caused to settle, the upper portion of the gable was caused to pull away from the building at the roof line, the main portion of the building near the gable was caused to crack in the side walls, the foundation of the church building was caused to settle and fall away, etc., whereby said property sustained damage to the extent of $15,000, etc.

It was stipulated that the plaintiff was the owner and in possession of the property described in the declaration and that the same was located as therein stated; that the plaintiff had sustained damages thereto in the amount of $15,000 as a result of the construction of certain railroad tracks and structures on the right of way of the said railroad companies contiguous to said property; that the elevation of said structures on and over said right of way, causing said damage, was pursuant to the ordinance adopted March 16, 1903, which said ordinance was made a part of the stipulation, and provided, among other things, that "nothing in this ordinance contained shall be so construed as to require the said railroad companies to assume or pay any direct, incidental or consequential damages to adjacent property or business caused by the passage and enforcement of this ordinance or by the excavation, depression or change of grade made in any part of the public avenues, streets, or alleys, or by the elevation of the tracks of said railroad companies as herein required to be elevated, or to defend any suit or suits which may be brought against any party or parties for the recovery of any such damages; be it understood, and the City of Chicago hereby

190    APPELLATE COURTS OF ILLINOIS.

Catholic Bishop of Chicago v. City of Chicago, 177 Ill. App. 187.

agrees, that all such damages, if any there shall be, shall be adjusted and paid by the City of Chicago, and said city will and hereby agrees to assume the defense of any and all suits brought for the recovery of all such alleged damages, intervening therein if necessary for the purpose. * * * ''

It was further stipulated that said railroad companies performed the work in strict compliance with the terms of said ordinance in 1905, and that said work was paid for by the Chicago Junction R. R. Co.; that in accordance with the terms of said ordinance the said railroad company ceded to the City of Chicago four valuable pieces of real estate to be used as public streets and alleys; that the cause be submitted to the Honorable Kickham Scanlan, judge of the Circuit Court, for his decision under the facts stipulated, as to whether, under the law, the city exceeded its powers in making the contract in the said ordinance with the railroad company, and, second, as to whether, as a matter of law, the liability of the city is restricted to damages resulting from the work done in the public streets of the city; that if said judge shall decide the city is liable under the ordinance and the facts stipulated, then said court shall enter judgment in the sum of fifteen thousand dollars ($15,000) against the defendant and in favor of the plaintiff, and that either party shall have a right to appeal or sue out a writ of error from any final order entered in the case.

Counsel for appellee say: ''There are two questions in this case: First, Is there any damage for which a recovery may be had in law under this declaration and the facts as stipulated? Second, If there is, who shall pay it?''

It is not controverted that the damages to the property of appellant, the amount of which damages is stipulated, accrued in the manner and by the means alleged in the declaration.

In Chicago Flour Co. v. City of Chicago, 243 Ill. 268, where precisely the same provision in the same or a like ordinance was involved, it was said:

"That provision of the ordinance was not intended to impose upon either party a liability which did not before exist, but was intended to determine, as between the parties to the agreement, which should pay the damages for which it might be reasonably anticipated one or both would become liable in the prosecution of the work."

In that case, the plaintiff sought to recover damages alleged to have been sustained through being deprived of the use of certain switch tracks during the work of elevating the tracks of the defendants. There was neither a physical taking of plaintiff's property nor any diminution of its value, but merely a temporary interference with the ordinary means of access to and egress from the property during the progress of the work. It was held that damages resulting from such cause were not recoverable and that only such damages were contemplated in the ordinance as were recoverable in law.

In Kotz v. Illinois Cent. R. Co., 188 Ill. 578, the plaintiff sought to recover damages to his adjoining lot from increased noise, smoke and cinders occasioned by the elevation of defendant's tracks upon its right of way, and also damages to his alleged easement of light, air and view resulting from such elevation, and it was held that such damages were not recoverable.

Obviously the doctrine announced in these cases can have no application to the case at bar, wherein the injury occasioned to appellant's property by doing the work authorized and required by the ordinance was direct and physical, for which damages are clearly recoverable in law.

It cannot be doubted that in the absence of the provision in the ordinance indemnifying the railroad company against the payment of damages so occasioned, it would be liable to appellant therefor. In Chicago Flour Co. v. City of Chicago, *supra,* in speaking of said provision, it was said:

"We think it apparent  *  *  *  that the object of the provision was to afford indemnity to the railroad

192     APPELLATE COURTS OF ILLINOIS.

Catholic Bishop of Chicago v. City of Chicago, 177 Ill. App. 187.

companies, and, as between them and the city, to impose upon the latter the liability for all damages legally recoverable against either or both on account of the work mentioned in the ordinance.''

It only remains to be determined whether or not appellee ''had the power to assume a liability for damages for which it would not be legally liable'' This question was not necessarily involved in the Chicago Flour Co. case, *supra,* and was, therefore, not decided.

It is stipulated that the work of elevating the tracks was performed by the railroad companies in strict compliance with the terms and conditions of the ordinance, and that the railroad companies conveyed to appellee four valuable pieces of real estate to be used as public streets and alleys, as provided in said ordinance.

In consideration of its agreement in the ordinance to indemnify the railroad company appellee thereby acquired from the railroad company valuable property which it could not by ordinance have compelled the railroad company to relinquish against its will. In City of Chicago v. Pittsburg, C., C. & St. L. Ry. Co., 244 Ill. 220, where a like consideration was involved, it was held that the city was bound by its contract obligation in the ordinance to release the railroad company from all damages occasioned by the work done by the railroad company, in pursuance of such ordinance.

As affecting the validity of the contract obligation of the city, we are unable to perceive any substantial ground for distinction between a contract of release and a contract of indemnity as to legal damages resulting from the performance of work under the executed provisions of such an ordinance.

The judgment of the Circuit Court is reversed and final judgment will be entered in this court in favor of appellant and against appellee for $15,000 and costs of suit.

*Judgment reversed and judgment here for $15,000 and for costs of suit.*