ALONZO B. LORD *et al.* Appellants, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed June 22, 1916—Rehearing denied October 5, 1916.*

1. RAILROADS—*railroad is public highway in a restricted sense, only.* A railroad is a public highway to the extent that all persons have an equal right upon it for travel and the carriage of goods, and is subject to control, so far as its relations to the public are concerned, by the State and Federal governments, but as to its ownership the railroad is private property, and the liabilities of the company to adjoining owners, growing out of such ownership, are those incident to the ownership of private property, and the principles applicable to a change of grade of a public highway do not apply to a change of grade of the railroad.

2. SAME—*loss of switch-track connections by reason of change of grade gives no right of action for damages.* A change of grade made by a railroad company in good faith, in obedience to an ordinance passed by a city in the exercise of its police power for the safety of the public, cannot be made the basis of a claim for damages by an abutting owner because of the loss of switch-track connections, which the railroad, in compliance with constitutional and statutory requirements, had permitted to be made at the old grade; and this is true though the abutting property is a grain elevator and warehouse, which is substantially a total loss without a switch track. (*Otis Elevator Co.* v. *City of Chicago*, 263 Ill. 419, followed.)

3. SAME—*abutting owner has no perpetual right to switch-track connections.* The fact that a railroad company, in compliance with constitutional and statutory provisions, has constructed switch-track connections with a public warehouse, elevator or coal yard does not give to the owners of such properties a perpetual right to have such switch tracks maintained, regardless of the duty of the railroad company to change its grade in obedience to a track-elevation ordinance.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding.

FRANK E. LORD, and WILKERSON, CASSELS & POTTER, (WILLIAM DILLON, and EDWIN H. CASSELS, of counsel,) for appellants.

SAMUEL A. ETTELSON, Corporation Counsel, (JOHN H. PASSMORE, ALFRED O. ERICKSON, and CLIFFORD G. ROE, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellants began an action on the case against the city of Chicago, in the superior court of Cook county, to recover damages caused to their real estate by the elevation of the tracks of the Chicago and Western Indiana Railroad Company in accordance with the requirements of an ordinance of the city. A demurrer was sustained to the declaration. The suit was dismissed and a judgment was rendered against the plaintiffs, from which they have appealed.

The declaration contained three counts, from which it appeared that the appellants owned certain real estate adjoining the right of way and tracks of the Chicago and Western Indiana Railroad Company, on which they had erected and were maintaining an elevator and public warehouse for the reception, storage and shipping, in car-load lots, of grain. The elevator was connected with the railroad by a switch at the existing grade of the railroad as established by the city. Afterward the city passed an ordinance requiring the railroad company to elevate its tracks seven and one-half feet opposite the appellants' property, and providing that the city should pay all damages to property caused by the track-elevation ordinance. The tracks of the railroad company were accordingly elevated seven and one-half feet, and in doing so the appellants' switch track was torn up and destroyed, and it is impossible to

construct a new switch track to the building of the appellants as it is constructed, so that the building cannot be used as an elevator and public warehouse. The building is substantially a total loss to its owners and the land has depreciated in value.

The appellants base their right to a recovery, first, upon the provision of section 5 of article 13 of the constitution which imposes upon all railroad companies receiving and transporting grain, the duty to deliver it to any consignee thereof or to any elevator or public warehouse to which it may be consigned, and the duty of permitting connections to be made with their tracks, so that any consignee and any public warehouse, coal bank or coal yard may be reached by the cars on the said railroad; second, on the act of the General Assembly requiring common carriers of freight to provide and maintain side-tracks or switch connections for· shippers and receivers of freight, approved June 14, 1909, (Laws of 1909, p. 307,) which imposes upon any railroad being a common carrier of freight, upon application of any shipper tendering or receiving freight or merchandise in car-load lots, the duty of constructing, maintaining and operating upon reasonable terms, upon its own right of way, at any regular station, a switch connection with any such shipper's railroad tracks, which may be constructed to connect with its railroad on its right of way, where such connection is reasonably practicable and can be put in with safety and will furnish sufficient revenue business to the railroad company to justify the construction and maintenance of the same; and third, upon section 12 of article 11 of the constitution, which declares railways to be public highways, free to all persons for the transportation of persons and property thereon.

The city had the right, in the exercise of its police power, to require the elevation of the railroad tracks. This power is not questioned, and it is not claimed that the city or the railroad company committed any wrongful act in

changing the grade and elevating the tracks. We have held that where, in elevating the tracks of a railroad company in accordance with an ordinance requiring such elevation, the grade of a street is so changed as to obstruct the ingress to and egress from private property, the railway company which did the work and the city which agreed to pay the damages were both liable for the damages to the adjoining property because of the obstruction to the street, regardless of the elevation of tracks. In *Otis Elevator Co.* v. *City of Chicago,* 263 Ill. 419, we held that a railway company owning its right of way was not liable to the owner of adjacent property for the destruction of a grade switch-track connection of the property with the railroad tracks by the elevation of the tracks in compliance with the requirements of a track-elevation ordinance, where the railroad company was under no contract or legal obligation to maintain such connection. The Otis Elevator Company was a manufacturing corporation, which had constructed the buildings of its plant with reference to the existing grade of the railroad and had a switch-track connection with the railroad at that grade but had no contract for the maintenance of such connection.

It is contended by the appellants that this case is distinguished from that of the *Otis Elevator Co. case* by the fact that the appellants' property is an elevator and public warehouse for the reception, storage and shipping of grain. It was the duty of the railroad company, under the constitution, to permit a connection with its railroad tracks, and, under the statute, to construct, maintain and operate a switch connection with the appellants' property. The appellants' claim is that the connection having been once made, the appellants have a perpetual right and the railroad company is under a perpetual duty to maintain it at the grade existing when it was constructed, and that if the railroad company changes the grade of its tracks so as to destroy the switch connection, it is liable to appellants in damages

for the injury to appellants' property. We do not agree with this contention. In *Kotz* v. *Illinois Central Railroad Co.* 188 Ill. 578, we held that a railroad company owning the fee to its right of way is the owner and entitled to the exclusive use, possession and control of its right of way in the same manner and to the same extent as a private owner, except in the discharge of its duty as a common carrier, and holds and owns its property disincumbered of any right of its adjoining neighbors, as completely as an individual owner. It may raise or lower its tracks as the demands of its business, the efficiency, economy and safety of operation or the requirements of municipal authorities make such action necessary. It is subject to the constitutional provision that any public warehouse, coal bank or coal yard may connect with its tracks so as to be reached by the cars of the railroad, and to the statutory provision that it must construct, maintain and operate switch connections for any shipper tendering or receiving freight in car-load lots, where such connection is reasonably practicable and can be put in with safety and will furnish sufficient revenue business to the company to justify its construction and maintenance. But this does not require the railroad company to maintain perpetually a grade which it has once established for its tracks. Whatever grade may be established, the company must permit the connections required by the constitution and by statute to be made, and if the grade is changed, connection must be permitted with the tracks at the changed grade. But the shipper and the owner of an elevator or warehouse are subject to the same contingencies in regard to change of grade as the railroad company. A railroad company builds its tracks and establishes its grade with reference to conditions as they exist; the shipper and the owner of the elevator and warehouse construct their buildings with reference to the grade so established. All, alike, are subject to changed conditions which may require a change of grade, and neither the law nor

justice requires that when a change becomes necessary the railroad company should bear the expense of the change on its own property and also pay for the damage to the owner of the adjoining property. While its business is affected with a public interest a railroad company is still a private corporation, and, except in the discharge of its duties to the public as a common carrier, owns and controls its property free from any rights of adjoining proprietors, the same as an individual. A change of grade made in good faith, in obedience to the requirement of a municipal ordinance passed in the exercise of the police power for the safety of the public, cannot be made the basis of a claim for damages by an abutting owner because of the loss of switch-track connections, which the railroad, in compliance with constitutional or statutory requirements, has permitted to be made. The provision of the ordinance that the city should pay all damages to property caused by the track elevation ordinance did not give any new rights to damages, but its purpose was only to determine whether the city or the railroad company should pay the damages that might be legally recoverable. (*Chicago Flour Co.* v. *City of Chicago,* 243 Ill. 268.) Therefore, since the railroad company was not liable for damages because of the loss of switch-track connections, the city was not made liable by this provision of the ordinance.

It is argued for appellants that the railroad is a public highway, and that a change in the grade of a public highway gives rise to a cause of action against both the railroad company and the city. *City of Chicago* v. *Jackson,* 196 Ill. 496, is cited, but the recovery in that case was not had or sought because of the elevation of the railroad tracks but because of the change of grade of the streets. It is only in a restricted sense that a railroad is a public highway. It is a public highway to the extent that all persons have an equal right upon it for travel and the car-

riage of their goods, and is subject to control, so far as its relations to the public are concerned, by the State and Federal governments. But it differs from a public highway so far as the ownership of the railroad and the liabilities arising out of such ownership are concerned. As to such ownership the railroad is private property, and the liabilities to adjoining owners growing out of such ownership are those incident to the ownership of private property. The principles applicable to the change of grade of an ordinary public highway do not apply.

The demurrer was properly sustained, and the judgment will be affirmed.                    *Judgment affirmed.*