(No. 3345— )

EDITH F. EDWARD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 11, 1939.*
*Rehearing denied June 14, 1939.*

CHARLES M. HAFT, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein represents that in July, 1934 the City of Chicago relinquished to the State of Illinois, control of a portion of North Clark Street lying immediately south of Devon Avenue, upon a part of which the property of claimant fronted, and that the State of Illinois thereupon proceeded to widen the roadway of North Clark Street and to repave the roadway as widened. That about the 1st of October, 1934 respondent removed a portion of the side and tore up a portion of the pavement in front of claimant's property on North Clark Street and Devon Avenue, and that thereafter permitted the sidewalk and the roadway to be so torn up that

neither could be used for traffic and failed and neglected to pave the roadway on Clark Street and on Devon Avenue until the early part of 1935, so that claimant's property was not accessible from Clark Street or from a portion of Devon Avenue except in a limited manner and this only for pedestrian traffic. Claimant represents that the premises in question were improved with a two-story building rented for store and office purposes by tenants who would have continued to pay rental therefor if accessibility thereto had continued; that by reason of the delayed repairs, entrance to and from the premises was so interfered with that claimant's tenants complained of loss of business, and claimant was obliged to decrease her rentals and thereby suffered a loss of $12,000.00 in rentals.

Claimant also contends that in the course of said construction work respondent removed and destroyed four ornamental light posts with wiring and conduits, which claimant had installed at an expense of $800.00 which became a total loss to claimant and for which it asks an award in said sum.

A motion has been filed by the Attorney General to dismiss the complaint as failing to state a valid basis for an award, for the reason:

(a) That respondent is not liable for damages resulting from temporary inconvenience in the use and occupancy of property occasioned by the construction of a public improvement.

(b) That the respondent is not liable for damages occasioned by the misfeasance or negligence of its officers, agents, servants or employees or of persons under contract with respondent.

The Bill of Particulars attached to the complaint varies from the recital in the latter, by stating that the loss of lampposts was "by destruction by contractor." Any loss due to acts of such contractor would not authorize an award for damages against the State. (*Siekman* vs. *State*, No. 3027, Court of Claims, decided March 25, 1938. *Parker* vs. *State*, 6 C. C. R. 71.)

The constitutional provision, against taking or damaging private property without just compensation, (*Section 13, Article II* of the *Illinois Constitution, 1870*) does not entitle an abutting property owner to compensation or damages for inconvenience, expense, loss of business or rentals, resulting from the *temporary* obstruction of the street and interference with egress or ingress, incidental to the construction of a public improvement. (*Osgood* vs. *City of Chicago*, 154 Ill.

194; *Transportation Co.* vs. *City of Chicago*, 99 U. S. 635; *Lefkovitz* vs. *City of Chicago*, 238 Ill. 23; *Chicago Flour Co.* vs. *City of Chicago*, 243 Ill. 268.)

It is somewhat difficult to determine how long a construction period may cover and still be classified as a temporary condition, but "temporary" is definitely distinguished from the word "permanent." So far as it appears from the complaint herein, access to claimant's property was not permanently closed, and when the construction work was finished full accessibility was again existent.

In the case of *Chicago Flour Company* vs. *City of Chicago*, 243 Ill. 268, plaintiff sued the city to recover damages which it sustained as the result of being deprived of the use of a certain switch track during a construction period. The Supreme Court in considering the matter said,

"The only invasion of their rights complained of, is the temporary interference with the ordinary means of access to and egress from their property during the progress of the work. It is well settled that inconvenience, expense or loss of business occasioned to abutting owners by the temporary obstruction of a public street, and the consequent interference with their right of access to their property, made necessary by the construction of a public improvement, gives no cause of action against the municipality. The Constitution provides no remedy for the property owner under such circumstances. Such claim is not damage to property not taken, within the meaning of the Constitution."

> *Lefkovitz* vs. *City of Chicago*, 238 Ill. 23;
> *Osgood* vs. *City of Chicago*, 154 id. 194;
> *Northern Transportation Co.* vs. *City of Chicago*, 99 U. S. 835.
> *Lord* vs. *City of Chicago*, 274 Ill. 313.

No sufficient legal cause for an award appears in the complaint, and the motion of the respondent is hereby allowed, and the claim is hereby dismissed.