(No. 4759—)

JOSEPH O. ENGEBRETSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1957.*

ALEX J. VICTOR, AND COLLIS M. HENNELLY, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; SAMUEL J. DOY, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On February 1, 1957, claimant filed his complaint seeking payment for damages caused by the barricading of U.S. Route No. 51 in Rockford, Illinois.

On February 21, 1957, respondent filed a motion to strike the complaint for legal insufficiencies. On March 4, 1957, claimant filed objections to the motion to strike, and this case is now before the Court on pleadings.

The gist of the complaint is as follows:

Claimant was the proprietor of a drive-in restaurant near the intersection of Spring Creek Road and North Second Street in the City of Rockford, Illinois. The sum of $200.00 per month was paid by claimant for the rental of the premises.

Respondent constructed an overpass and clover leaf at the intersection, and, in so doing, barricaded U. S. Route No. 51, which was the only access to claimant's property. The work started on April 16, 1956, and was completed on September 11, 1956. Mr. M. M. Memler, an agent for the state, stated that the barricade would only last for a day or two, and for that reason claimant did not immediately move.

Claimant contends he lost $25,000.00 in profits, which he would have otherwise earned had he been allowed use of said premises during the period the road was closed. In addition, claimant states he became obligated to satisfy certain expenditures including $200.00 per month rent, and $525.00 per month for depreciation and real estate taxes on said property.

Claimant was compelled to close the business and move to a different location, and contends that the period that the road was closed was *unreasonable and excessive*. (Underline ours).

Respondent cites several cases in support of its motion to strike, two of which appear to be controlling.

In *Grothe* vs. *State*, 10 C.C.R. 49, claimant operated a filling station on U.S. Route No. 45 in Tolono, Illinois. Respondent barricaded the highway 300 feet north, and 1000 feet south of claimant's place of business, and re-routed the traffic. This condition existed from March 1, 1936 to November 1, 1936, eight months in all. Respondent moved to strike the complaint.

The Court at page 50 stated:

"The question here involved has been considered by this Court in a number of cases. In the cases of *Grassle* vs. *State*, 8 C.C.R. 151, we held that: 'Inconvenience, expense, or loss of business, necessarily occasioned to the owners of abutting property during the progress of the work by the construction of a public improvement, do not constitute damage to property not

taken within the meaning of the Constitution, but merely a burden incidentally imposed upon private property adjacent to a public work, and without which such improvements can seldom be made, and, therefore, give no cause of action against a municipality therefor.' "

In *Edward* vs. *State*, 10 C.C.R. 671, claimant owned property on North Clark Street in the City of Chicago. On October 1, 1934, the state removed a portion of the pavement and sidewalk in front of claimant's building. The repairs were not completed until early in 1935. Claimant alleged that, by reason of the *delay,* she was obliged to decrease her rentals, and thereby suffered a loss in the amount of $12,000.00. Respondent moved to strike the complaint.

The Court at page 673 stated:

"In the case of *Chicago Flour Company* vs. *City of Chicago*, 243 Ill. 268, plaintiff sued the city to recover damages, which it sustained as the result of being deprived of the use of a certain switch track during a construction period. The Supreme Court in considering the matter said:

'The only invasion of their rights complained of is the temporary interference with the ordinary means of access to and egress from their property during the progress of the work. It is well settled that inconvenience, expense or loss of busines occasioned to abutting owners by the temporary obstruction of a public street, and the consequent interference with their right of access to their property, made necessary by the construction of a public improvement, gives no cause of action against the municipality. The Constitution provides no remedy for the property owner under such circumstances. Such claim is not damage to property not taken, within the meaning of the Constitution.

> *Lefkovitz* vs. *City of Chicago*, 238 Ill. 23.
> *Osgood* vs. *City of Chicago*, 154 id. 194.
> *Northern Transportation Co.* vs. *City of Chicago*, 99 U.S. 835.
> *Lord* vs. *City of Chicago*, 274 Ill. 313.' "

From the foregoing cases, it appears that the complaint does not state a cause of action. The motion of respondent is hereby allowed, and the claim dismissed.