(No. 4810

MARVIN KING, D/B/A KING'S TAVERN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 22, 1958.*

McROBERTS AND HOBAN, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

On February 7, 1958, claimant filed his complaint, in which he seeks damages for inconvenience and loss of business during the construction of a public improvement. This was allegedly caused by the widening, repairing and reconstruction of Illinois State Route No. 3 in front of his tavern, which is located at 300 South Water Street, Cahokia, Illinois. The complaint also alleges the entrances and exits to his said tavern were blocked for a period from September 5, 1957 until January 1, 1958. Claimant asks damages in the sum of $1,900.00.

On July 8, 1958, respondent filed a motion to strike and dismiss the complaint for legal insufficiency. Claimant did not file objections to respondent's motion to strike and dismiss.

Claimant sets forth the following allegations in his complaint:

That on or about September 5, 1957, and prior and subsequent thereto, Marvin King, claimant, was the duly licensed owner, manager and operator of a certain tavern, known as "King's Tavern", located at 300 South Water Street, being Illinois State Route No. 3, Cahokia, Illinois.

That claimant, prior to September 5, 1957, had an average income from the operation of said tavern of $50.00 per day, and the volume of business was increasing.

That respondent did contract with Fruin-Colnon Contracting Company to widen, repair and reconstruct certain sections of Illinois State Route No. 3. That said contracting firm did widen and reconstruct said State

Route No. 3 at a point directly in front of said tavern, and, in doing so, did block all of the entrances and exits to and from said tavern for a period from September 5, 1957 until January 1, 1958.

That, due to the widening and reconstruction, ingress and egress to claimant's property was blocked, and his customers did not have access to the tavern.

That he was forced to close the tavern from September 5, 1957 until January 1, 1958, a total of 118 days, at a loss of $50.00 per day, or a total damage of $1,900.00, for which he is now making claim.

This Court recently had occasion to pass upon a similar motion to strike a complaint seeking damages for the same reason, being the case of *Joseph O. Engebretson* vs. *State of Illinois*, No. 4759.

Previous to this last decision, the case of *Grothe* vs. *State of Illinois*, 10 C.C.R. 49, was decided by the Court of Claims. This Court held in that case:

"The question here involved has been considered by this Court in a number of cases. In the case of *Grassle* vs. *State of Illinois*, 8 C.C.R. 151, we held that: 'Inconvenience, expense, or loss of business necessarily occasioned to the owners of abutting property during the progress of the work by the construction of a public improvement do not constitute damage to property not taken within the meaning of the Constitution, but merely a burden incidentally imposed upon private property adjacent to a public work, and without which such improvements can seldom be made, and, therefore, give no cause of action against a municipality therefor.' "

This Court also had occasion to pass upon the same question in the case of *Edward* vs. *State of Illinois*, 10 C.C.R. 671. At page 673, the opinion reads as follows:

"In the case of *Chicago Flour Company* vs. *City of Chicago*, 243 Ill. 268, plaintiff sued the city to recover damages, which it sustained as the result of being deprived of the use of a certain switch track during a construction period. The Supreme Court in considering the matter said: 'The only invasion of their rights complained of is the temporary interference with the ordinary means of access to and egress from their property during the progress of the work. It is well settled that inconvenience, expense or loss

of business occasioned to abutting owners by the temporary obstruction of a public street, and the consequent interference with their right of access to their property, made necessary by the construction of a public improvement, gives no cause of action against the municipality. The Constitution provides no remedy for the property owner under such circumstances. Such claim is not damage to property not taken within the meaning of the Constitution.' "

Numerous other cases have been cited wherein motions have been sustained to strike and dismiss claims predicated upon similar circumstances, where public works were being performed on highways in front of private businesses blocking the access thereto, and thereby resulting in losses to the owners and operators of said businesses.

It is the opinion of the Court that the complaint filed herein is insufficient, and does not state a good cause of action. Therefore, the motion of the respondent is allowed, and the complaint is hereby dismissed.